UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JESSE DENHAM,<br><br>   Defendant. | CASE NO. CR25-5045-BHS<br><br>ORDER |

This matter is before the Court on defendant Jesse Denham's counsel's request to continue trial to a date on or before July 31, 2025. Dkt. 20.

On March 12, 2025, Denham was charged of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. He was appointed defense counsel on March 25, 2025. Dkt. 8.

His counsel moves to continue trial from its current scheduled date of June 3, 2025, to on or before July 31, 2025. She asserts she will need more time to conduct discovery, file pre-trial motions, and prepare for trial. Dkt. 20 at 1–2. Although the

Government does not oppose the continuance, Denham was not willing to execute a speedy trial waiver. *Id.* at 1, 3.

Any delay arising out of a continuance is excludable from the calculation of the defendant's speedy trial window if the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7). The Court may consider whether failure to grant a continuance would deny defense counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). When ruling on a motion for a continuance, the Court also weighs: (1) the defendant's diligence in preparing the defense; (2) the likelihood that the continuance would satisfy the defendant's need; (3) inconvenience to the court, opposing party, and witnesses; and (4) the extent to which the defendant would be harmed if the continuance were denied. *United States v. Tham*, 960 F.2d 1391, 1396 (9th Cir. 1991). When a defendant repeatedly asserts their speedy trial rights and objects to their defense counsel's request for a continuance, the district court must conduct a "far more probing inquiry." *United States v. Lloyd*, 125 F.3d 1263, 1271 (9th Cir. 1997).

On April 29, 2025, the Court heard from Denham and defense counsel on the motion to continue trial. Dkt. 22. Denham repeatedly asserted his speedy trial rights and objected to continuing the trial date. The Court asked defense counsel for more information on the rationale behind her continuance request. Defense counsel adequately expounded on the scheduling conflicts and heavy caseload that would prevent her from filing substantive pre-trial motions in time for the June 3 trial. The Court is satisfied that

defense counsel needs the additional time to effectively and diligently prepare for trial. A continuance until July 31 would satisfy that need. There appears to be no inconvenience to the Government, any witnesses, and the Court. Denham's defense counsel's motion for a continuance of the trial date is granted for these reasons.

The Court additionally finds:

(a) denying the continuance would deny defense counsel the reasonable time necessary for effective preparation, due to counsel's need for additional time to review and gather material evidence, consider possible defenses, and prepare and file two pre-trial motions, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv);

(b) denying the continuance would likely result in miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i);

(c) the additional time requested is a reasonable period of delay, as counsel has requested more time to prepare for trial, to investigate the matter, to gather evidence material to the defense, to prepare and file pre-trial motions, and to consider possible defenses;

(d) the ends of justice will be best served by a continuance, and the ends of justice outweigh the best interests of the public and the defendant in a speedy trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and

(e) the additional time requested, between the current trial date of June 3, 2025, and the new trial date of July 31, 2025, is necessary to provide counsel for the defendant reasonable time to prepare for trial considering counsel's schedule and all of the facts set forth above.

Denham's defense counsel's motion for a continuance of the trial date, Dkt. 20, is **GRANTED**.

The pre-trial conference is set for July 22, 2025, at 11:30 am.

Trial is set for July 31, 2025.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2025.

BENJAMIN H. SETTLE
United States District Judge