UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JESSE DENHAM,<br><br>  Defendant. | CASE NO. CR25-5045-BHS<br><br>ORDER |

This matter is before the Court on defendant Jesse Denham's counsel's motion to continue trial, Dkt. 54.

On March 12, 2025, Denham was charged of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. Attorney Heather Carroll was appointed his counsel on March 25. Dkt. 8. Trial was initially set for June 3, 2025. Dkt. 9.

In late April, Carroll moved to continue trial. Dkt. 20. The Government did not oppose the continuance, but Denham was not willing to execute a speedy trial waiver. *Id.* at 1, 3. After a motion hearing, the Court determined that counselor Carroll needed

ORDER - 1

1 | additional time to effectively prepare for trial and continued the trial date to July 31,
2 | 2025. Dkt. 23.
3 |     On May 12, Denham wrote a letter to the Court requesting a new attorney. Dkt.
4 | 25. The Court heard from both Denham and Carroll and denied Denham's request. Dkt.
5 | 30.
6 |     Carroll subsequently filed two pre-trial motions: a motion to bifurcate, Dkt. 32,
7 | that the Court has since denied, Dkt. 45, and a motion to suppress evidence, Dkt. 31. The
8 | Court set an evidentiary hearing on the suppression motion for July 15.
9 |     On July 3, Carroll moved to withdraw and for appointment of new counsel. Dkt.
10 | 46. After a prolonged breakdown in communication and the attorney-client relationship,
11 | both Denham and Carroll requested the appointment of new defense counsel. Dkt. 47. On
12 | July 8, the Court held a motion hearing, finding that Denham and Carroll no longer had a
13 | functional attorney-client relationship and that the relationship could not be repaired. Dkt.
14 | 52. The Court granted the request for new counsel.
15 |     On July 9, attorney Thomas Weaver was appointed as Denham's counsel. Dkt. 53.
16 |     On July 11, Weaver moved to continue trial. Dkt. 54. His motion states, "[t]his is a
17 | complex case involving four felony counts and multiple dates," that he needs time to
18 | review discovery, and that "[t]here is no way" he "can be ready for a suppression hearing
19 | and trial in the next three weeks while providing effective assistance of counsel." *Id.* at
20 | 2. His motion states, "Undersigned counsel has met with Mr. Denham and he agrees with
21 | the need for a continuance." *Id.* at 1.
22 |     The Government does not oppose the motion.

1    Any delay arising out of a continuance is excludable from the calculation of the
2 defendant's speedy trial window if the "ends of justice served by the granting of such
3 continuance outweigh the best interests of the public and the defendant in a speedy trial."
4 18 U.S.C. § 3161(h)(7). The Court may consider whether failure to grant a continuance
5 would deny defense counsel "the reasonable time necessary for effective preparation,
6 taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). When
7 ruling on a motion for a continuance, the Court also weighs: (1) the defendant's diligence
8 in preparing the defense; (2) the likelihood that the continuance would satisfy the
9 defendant's need; (3) inconvenience to the court, opposing party, and witnesses; and (4)
10 the extent to which the defendant would be harmed if the continuance were denied.
11 *United States v. Tham*, 960 F.2d 1391, 1396 (9th Cir. 1991).

12    The Court concludes that in view of defense counsel's very recent appointment,
13 the complexity of the case, and the pending suppression motion prepared by prior defense
14 counsel, Weaver needs additional time to effectively and diligently prepare for trial.
15 There appears to be no inconvenience to the Government, any witnesses, and the Court.

16    The Court additionally finds:
17    (a) denying the continuance would deny defense counsel the reasonable time
18 necessary for effective preparation, due to counsel's need for additional time to review
19 discovery, review the pending suppression motion, and prepare for an evidentiary hearing
20 on the suppression motion, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv);
21    (b) denying the continuance would likely result in miscarriage of justice, as set
22 forth in 18 U.S.C. § 3161(h)(7)(B)(i);

(c) the ends of justice will be best served by a continuance, and the ends of justice outweigh the best interests of the public and the defendant in a speedy trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and

(e) the request for additional time is necessary to provide counsel for the defendant reasonable time to prepare for trial considering counsel's schedule and all of the facts set forth above.

Denham's defense counsel's motion for a continuance of the trial date, Dkt. 54, is **GRANTED**.

The current trial date of July 31, 2025, and associated pre-trial deadlines are **STRICKEN**.[1]

On or before July 22, 2025, the parties shall confer with the Courtroom Deputy to find a new trial date and submit a proposed order setting the trial date and all new pretrial deadlines.

**IT IS SO ORDERED.**

Dated this 14th day of July, 2025.

BENJAMIN H. SETTLE
United States District Judge

---

[1] The evidentiary hearing on the suppression motion, originally scheduled for July 15, 2025, was stricken based on defense counsel's motion to continue. Dkt. 55.