UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>JESSE DENHAM,<br><br>              Defendant. | CASE NO. CR25-5045-BHS<br><br>ORDER |

THIS MATTER is before the Court on Jesse Denham's motion to dismiss charges added in a superseding indictment on the basis of vindictive prosecution, Dkt. 67.

On March 12, 2025, a grand jury returned a two-count indictment charging Denham with unlawful possession of a firearm on or around April 24, 2024, and possession with intent to distribute on or around November 20, 2024. Dkt. 1. The Assistant United States Attorney (AUSA) Max B. Shiner declared that although he could have charged Denham with additional crimes related to a drug trafficking conspiracy with other co–defendants, he elected to pursue these charges in a separate indictment to avoid complicating discovery and to encourage a speedy resolution. Dkt. 76-1, Decl. of Shiner ⁋ 6. On April 22, 2025, Denham's then counsel, Assistant Federal Public Defender

ORDER – 1

Heather Carroll, asked the Government for a plea offer that did not include the 10–year mandatory minimum. Dkt. 76 at 2. On May 6, 2025, the Government complied and offered a plea consistent with this request, giving Denham a little over two weeks to accept. Dkt. 76 at 2. Denham did not respond. Dkt. 76-1, Decl. of Shiner ¶ 10. During this same period, Denham requested new counsel. Dkt. 25. On May 20, 2025, the Court held a hearing on this request and denied it. Dkt. 30.

On June 6, 2025, Denham moved to suppress evidence. Dkt. 31. The next day Denham moved to sever the charges. Dkt. 32. Within a week, the Government returned to the grand jury and obtained a superseding indictment, which included both counts from the original indictment (now relabeled Counts 2 and 4) and added two new counts: Count 1 charged Denham with conspiracy to distribute controlled substances, occurring between a time unknown and November 20, 2024, and Count 3 charged Denham with possession of a firearm in furtherance of a drug trafficking crime, occurring on or around April 24, 2024. Dkt. 35. On June 13, 2025, the Government filed a response opposing Denham's motion to sever, Dkt. 41. Denham did not file any reply addressing the impact that the superseding indictment had on his motion.[1]

On July 2, 2025, the Court denied Denham's severance motion, finding that the original counts satisfied the requirements for proper joinder and that any resulting prejudice from the joined charges could be mitigated by proper limiting instructions and the Government's agreement not to focus on Denham's criminal history. Dkt. 45. That

---

[1] The Government also opposes Denham's motion to suppress evidence, Dkt. 31, which is still pending before this Court.

same week, Denham again requested the Court to appoint him new counsel. Dkts. 50, 51. The Court granted this request and appointed current counsel, Thomas Weaver. Dkts. 52, 53.

Denham now moves to dismiss the two charges added in the superseding indictment, Count 1 and Count 3, on the grounds of vindictive prosecution in violation of his Fourteenth Amendment rights. Dkt. 67 at 1–2. He argues that the close timing between his actions—refusing to accept the plea agreement and filing multiple motions—and the Government's decision to pursue additional and more severe charges, gives rise to a strong inference of punitive motive. *Id.*

The Government opposes Denham's motion, contending that the temporal proximity of the sequence of events is not sufficient to satisfy the defendant's burden of establishing a presumption of vindictiveness. Dkt. 76 at 6. It asserts, however, that even if Denham meets that burden, the Government was justified in obtaining a superseding indictment for several objectively neutral reasons. *Id.* at 10–11. Denham did not reply.

## I.   DISCUSSION

The Government violates a defendant's due process rights if it files charges to "penalize [the defendant] for exercising a protected statutory or constitutional right." *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007). A defendant may establish prosecutorial vindictiveness (1) by producing direct evidence of a prosecutor's punitive motivation, or (2) by creating a rebuttable presumption of vindictiveness. *United States v. Kent*, 649 F.3d 906, 912–13 (9th Cir. 2011) (quoting *United States v. Goodwin*, 457 U.S. 368 (1982)). Such a presumption arises when a defendant provides evidence that "there is

a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights." *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir. 1982). If the defendant makes this showing, the burden shifts to the Government to present "objective evidence justifying the prosecutor's action." *Goodwin*, 457 U.S. at 376 n.8.

Vindictiveness claims are "evaluated differently" when, as here, "the additional charges are added during pretrial proceedings, particularly when plea negotiations are ongoing, than when they are added during or after trial." *United States v. Gamez-Orduno*, 235 F.3d 453, 462 (9th Cir. 2000). To be sure, vindictive prosecution may occur in a pretrial setting as it does at other stages, but "in the context of pretrial plea negotiations vindictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right." *Id*.

Denham does not claim that there is direct evidence of the Government's vindictive motivation; instead, he relies primarily on the timing of the superseding indictment to argue a presumption of vindictiveness. Dkt. 67. He contends that because the Government pursued the two additional charges only after he rejected the Government's plea offer and filed pretrial motions, the burden shifts to the Government to prove its actions were objectively justified. *Id.* Denham further asserts that, since the Government knew all the relevant facts at the time of the original indictment, it cannot meet that burden, and vindictive prosecution must be presumed. *Id.* The Court disagrees.

1 | The mere timing of an indictment, without more, is not sufficient to create a
2 | presumption of vindictiveness. *See e.g., Kent*, 649 F.3d at 912–14; *United States v.*
3 | *Brown*, 875 F.3d 1235, 1240 (9th Cir. 2017); *Gallegos-Curiel*, 681 F.2d at 1168; *Gamez-*
4 | *Orduno*, 235 F.3d at 462–63. Rather, the Ninth Circuit has made clear that "the link of
5 | vindictiveness *cannot be* inferred simply because the prosecutor's actions followed the
6 | exercise of a right, or because they would not have been taken but for exercise of a
7 | defense right." *Gallegos-Curiel*, 681 F.2d at 1168 (emphasis added). Here, it is
8 | undisputed that the Government sought to add charges only a few weeks after Denham
9 | exercised his right to reject the plea offer and less than one week after he filed several
10 | motions. However, vindictiveness cannot be inferred based on this timing alone. The
11 | Ninth Circuit has not only declined to presume vindictiveness in such circumstances but
12 | has also held that due process is not violated when the Government threatens, and later
13 | files, more serious charges after a defendant rejects a plea offer. *Gamez-Orduno*, 235
14 | F.3d at 463.

15 | In addition, notwithstanding his arguments on timing, Denham provides no
16 | evidence supporting his claim that the Government's motivations for adding the charges
17 | were improperly vindicative. The Government may add charges pretrial for any number
18 | of permissible reasons, including when a prosecutor "uncover[s] additional information
19 | that suggests a basis for further prosecution" or simply "realize[s] that information
20 | possessed by the State has a broader significance." *Goodwin*, 457 U.S. at 381. AUSA
21 | Shiner declared that through Denham's filings, the Government learned that Denham
22 | intended to argue that his gun possession charge was disconnected from his drug

trafficking activities. Dkt. 76-1, Decl. of Shiner ¶ 12. AUSA Shiner declared, however, that "the evidence strongly supports that these incidents were instead part of a prolonged course of criminal conduct" and that if Denham successfully severed the charges, "it would hamper the government's effort to accurately portray the criminal activity involved and tell a coherent story of how the investigation progressed." *Id.*, ¶ 13. To proactively counter Denham's defense arguments, the Government persuasively argues that it had every right to add the new counts for drug-conspiracy and possession of a firearm in furtherance of drug trafficking, especially in light of Denham's refusal to accept the more lenient plea deal. Dkt. 76 at 8; *see Brown*, 875 F.3d at 1241 (urging courts to give deference to prosecutors in pretrial charging decisions). The Ninth Circuit has held that when increased charges are filed "as a result of continuing investigation there is no realistic likelihood of prosecutorial abuse." *Gallegos–Curiel*, 681 F.2d at 1169.

       Finally, Denham does not argue that the Government's justifications for adding charges are impermissible or pretextual. The record supports the opposite. In the Court's order denying Denham's motion to sever, the Court relied on the additional charges in the superseding indictment as evidence supporting joinder, noting that it "leaves the timeline of when Denham allegedly began his conspiracy open ended." Dkt. 45 at 7. Denham fails to meet his initial burden to show that "there is a realistic or reasonable likelihood" of vindictiveness." *Gallegos-Curiel*, 681 F.2d at 1168.

The Court concludes that the addition of the two charges after Denham elected to reject the Government's plea offer and pursue litigation does not establish vindictiveness or a presumption of vindictiveness which the Government must rebut.

### III. ORDER

Denham's motion to dismiss the charges for prosecutorial vindictiveness, Dkt. 67, is **DENIED**.

Dated this 11th day of September, 2025.

BENJAMIN H. SETTLE
United States District Judge